TFWS, INC., t/a Beltway Fine
Wine & Spirits, Plaintiff,

v.

William Donald SCHAEFER,
et al., Defendants.

No. CIV.A. WDQ–99–2008.

United States District Court,
D. Maryland,
Northern Division.

May 11, 2004.

Robert T. Shaffer, III, William J. Murphy, John J. Connolly, Murphy and Shaffer, Baltimore, MD, for Plaintiff.

Steven M. Sullivan, Meredyth Smith Andrus, State of Maryland Office of the Attorney General, J. Joseph Curran, III, Adelberg, Rudow, Dorf and Hendler LLC, Renee Nacrelli, Attorney General's Office, Baltimore, MD, for Defendant.

ORDER

QUARLES, District Judge.

Pending is defendants' motion to stay injunction. The Court has considered the motion and the opposition thereto. Defendants assert that the Court failed to consider alcohol excise taxes in its factual findings regarding the relative wholesale prices of alcohol in Maryland and Delaware. Even assuming that this argument had merit, defendants have not refuted the evidence that Delaware residents buy alcohol in Maryland because the retail prices in Maryland are cheaper.[1] Accordingly,

---

1. The Comptroller has also restated the assertion that increased alcohol consumption resulted from Delaware's abandonment of similar regulations. Measurements of alcohol consumption are inexact. Apparent alcohol consumption is a gross measure derived by dividing the number of units sold in an area by the area's population yielding, for example, 10 gallons per person. 10/10/03 Overtstreet Tr. at 27. Trone's stores represent 30–35% of Delaware liquor sales; a substantial portion of the liquor sold in those stores is actually consumed in Pennsylvania rather than in Delaware. 10/10/03 Overstreet Tr. at 35–36 (testimony that Delaware apparent consumption figures were unreliable because Trone's stores had a strong market presence and catered to Pennsylvanians); *id.* at 67–68 (testimony that there is a statistically significant positive correlation between Trone's out-of-state marketing an increased apparent consumption figures in Delaware); 01/06/04 Tr. at 166 (Trone's stores account 30–35% of the Delaware liquor market). The Delaware apparent alcohol consumption data do no support the retention of the Comptroller's post-and-hold regulation and quantity discount ban.

defendants are unlikely to succeed on appeal. *Miltenberger v. The Chesapeake & Ohio Railway Co.*, 450 F.2d 971, 974 (4th Cir.1971)(refusing to order stay because, viewing case in light most favorable to moving party, there was no possibility of success on the merits); *In the Matter of: Forty–Eight Insulations, Inc.*, 115 F.3d 1294, 1301 (7th Cir.1997).

As there is nothing in the challenged injunction that would prevent the Comptroller from continuing to operate a price-filing system, as long as that system does not require adherence to the prices over a prescribed period, it is this 11th day of May, 2004, ORDERED that:

1. Defendants' motion to stay injunction BE, and hereby is, DENIED; and

2. That the Clerk of the Court MAIL copies of this Order to Counsel of record.